[J-67-2016][OAJC – Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| POCONO MOUNTAIN SCHOOL DISTRICT, | : | No. 87 MAP 2015 |
| | : | |
| | : | Appeal from the Order of the |
| Appellant | : | Commonwealth Court dated 7/8/15 at |
| | : | No. 2052 CD 2014 affirming the order of |
| v. | : | the Pennsylvania Department of |
| | : | Education dated 10/23/14 at No. EDU- |
| | : | 2014-SLAP-000176 |
| PENNSYLVANIA DEPARTMENT OF | : | |
| EDUCATION, DIVISION OF SUBSIDY | : | |
| DATA AND ADMINISTRATION, | : | |
| | : | |
| Appellee | : | ARGUED: May 11, 2016 |

**CONCURRING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED: December 28, 2016**

Although I agree with aspects of the lead Justices' reasoning, I find the most

resonance in the School District's argument that Section 8327(b)(2) of the Public School

Employees' Retirement Code, 24 Pa.C.S. §8327(b)(2), is expressly designed as a "pass

through provision," School District's Brief at 12, in that it requires that "[a]ny reduction in

payments to a chartering school district made pursuant to this section *shall* be deducted

from the amount due to the charter school district pursuant to the Public School Code of

1949." 24 Pa.C.S. §8327(b)(2) (emphasis added).[1]  Where a charter school is defunct,

so that no deduction from amounts due to it is possible, this mandatory provision of the

---

[1] The lead Justices choose not to address this line of argument. *See* Opinion Announcing the Judgment of the Court, *slip op.* at 18 n.14.

statute is simply incapable of execution. To my mind, in the context of what I regard to be a materially ambiguous statute, this is a strong signal that the Legislature never envisioned that its provisions would pertain in this situation. *See* 1 Pa.C.S. §1922(1) (indicating that, in construing statutory language, reviewing courts should presume that the Legislature did not intend impossible results).

Notably, moreover, as the School District highlights, *see* School District's Brief at 14, construing Section 8327(b)(2) as inapplicable renders it harmonious with the Charter School Law's proscription against imposing the liabilities and obligations of defunct charter schools on school districts. *See* 24 P.S. §17-1729-A(i). In this regard as well, my line of reasoning differs from that of the lead opinion, since I discern no need to conceptualize the latter as an exception to the former. *See* Opinion Announcing the Judgment of the Court, *slip op.* at 17.

In terms of whether the School District is a "chartering school district" for purposes of Section 8327(b)(2), I regard this inquiry as, essentially, collateral and subordinate to the broader question of whether the Legislature ever intended Section 8327(b)(2) to apply in the present scenario. Certainly, the General Assembly might, in some circumstances, refer back to a school district that had issued a charter for a defunct charter school as the "chartering school district."[2] Based upon my reasoning above, however, I conclude that it did not do so here.

---

[2] In this regard, notably, in Section 1729-A(i) of the Charter School Law, the General Assembly repeatedly referred to a defunct charter school as "the charter school." 24 P.S. §17-1729-A(i).